# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS TYLER DIVISION

| | |
|---|---|
| SMARTPHONE TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZTE CORPORATION,<br>ZTE (USA), INC., and<br>ZTE SOLUTIONS, INC.,<br><br>Defendants. | CIVIL ACTION NO. 6:14-cv-147<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SmartPhone Technologies LLC ("SmartPhone") files this Original Complaint against ZTE Corporation, ZTE (USA), Inc., and ZTE Solutions, Inc. for infringement of U.S. Patent No. 6,173,316 ("the '316 patent"), U.S. Patent No. 7,076,275 ("the '275 patent"), U.S. Reissue Patent No. 40,459 ("the '459 patent"), and U.S. Patent No. 6,976,217 ("the '217 patent").

## THE PARTIES

1.  SmartPhone is a Texas limited liability company with its principal place of business in Plano, Texas.

2.  On information and belief, ZTE Corporation is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business in ZTE Plaza, Keji Road South, Hi-Tech Industrial Park, Nanshan District, Shenzhen, Guangdong Province, P.R. China 518057.

3. On information and belief, ZTE (USA), Inc. is a New Jersey corporation with its principal place of business at 2425 North Central Expressway, Suite 600, Richardson, Texas 75080. This Defendant may be served with process through its agent, Jing Li, or its Chief Executive Officer, Lixin Cheng, 2425 N. Central Expy., Ste. 323, Richardson, Texas 75080.

4. On information and belief, ZTE Solutions Inc. is a Delaware corporation with its principal place of business at 2425 North Central Expressway, Suite 600, Richardson, Texas 75080. This Defendant may be served with process through its agent, Incorp Services, Inc. 815 Brazos Street, Suite 500, Austin, Texas 78701.

5. ZTE Corporation, ZTE (USA), Inc., and ZTE Solutions Inc. are referred to collectively as "ZTE." ZTE does business in the State of Texas and in the Eastern District of Texas.

## JURISDICTION AND VENUE

6. SmartPhone brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving their accused products in this judicial district, and/or has regular and established places of business in this judicial district.

8. Each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

### COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 6,173,316)

9. SmartPhone incorporates paragraphs 1 through 8 herein by reference.

10. SmartPhone is the exclusive licensee of the '316 patent, entitled "WIRELESS COMMUNICATION DEVICE WITH MARKUP LANGUAGE BASED MAN-MACHINE INTERFACE," with ownership of all substantial rights in the '316 patent. Among other rights, SmartPhone has the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, the exclusive right to settle any claims of infringement, and the exclusive right to grant sublicenses, including the exclusive right to exclude ZTE, the exclusive right to sue ZTE, the exclusive right to settle any claims with ZTE, and the exclusive right to grant a sublicense to ZTE. A true and correct copy of the '316 patent is attached as Exhibit A.

11. The '316 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

12. ZTE has and continues to directly infringe one or more claims of the '316 patent in this judicial district and elsewhere in Texas, including at least claims 1 - 4, without

the consent or authorization of SmartPhone, by or through making, using, offering for sale, selling and/or importing computerized communication devices, including, without limitation, the AT&T Radiant, AT&T Z998, Avail 2, Boost MAX, Boost Warp 4G, Grand S, Illustra, Majesty, nubia 5, Overture, Prelude, Savvy, Solar, Sonata 4G, Sprint Vital, Valet, Virgin Mobile Awe, Virgin Mobile Reef, Virgin Mobile Supreme, and Whirl.  ZTE further has and continues to directly infringe one or more claims of the '316 patent in this judicial district and elsewhere in Texas, including at least claims 1 and 4, without the consent or authorization of SmartPhone, by or through making, using, offering for sale, selling and/or importing computerized tablet devices, including without limitation the ZTE Velox.  ZTE is thereby liable for direct infringement of the '316 patent pursuant to 35 U.S.C. § 271.

13. SmartPhone has been damaged as a result of ZTE's infringing conduct described in this Count.  ZTE is, thus, liable to SmartPhone in an amount that adequately compensates SmartPhone for ZTE's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

(INFRINGEMENT OF U.S. PATENT NO. 7,076,275)

14. SmartPhone incorporates paragraphs 1 through 8 herein by reference.

15. SmartPhone is the exclusive licensee of the '275 patent, entitled "METHOD AND SYSTEM FOR SINGLE-STEP ENABLEMENT OF TELEPHONY FUNCTIONALITY FOR A PORTABLE COMPUTER SYSTEM," with ownership of all substantial rights in the '275 patent.  Among other rights, SmartPhone has the exclusive right

to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, the exclusive right to settle any claims of infringement, and the exclusive right to grant sublicenses, including the exclusive right to exclude ZTE, the exclusive right to sue ZTE, the exclusive right to settle any claims with ZTE, and the exclusive right to grant a sublicense to ZTE.  A true and correct copy of the '275 patent is attached as Exhibit B.

16. The '275 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

17. ZTE has and continues to directly infringe one or more claims of the '275 patent in this judicial district and elsewhere in Texas, including at least claims 1, 2, and 5, without the consent or authorization of SmartPhone, by or through making, using, offering for sale, selling and/or importing computerized communication devices, including, without limitation, the AT&T Radiant, AT&T Z998, Avail 2, Boost MAX, Boost Warp 4G, Grand S, Illustra, Majesty, nubia 5, Overture, Prelude, Savvy, Solar, Sonata 4G, Sprint Vital, Valet, Virgin Mobile Awe, Virgin Mobile Reef, Virgin Mobile Supreme, and Whirl.  ZTE is thereby liable for direct infringement of the '275 patent pursuant to 35 U.S.C. § 271.

18. SmartPhone has been damaged as a result of ZTE's infringing conduct described in this Count.  ZTE is, thus, liable to SmartPhone in an amount that adequately compensates SmartPhone for ZTE's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

(INFRINGEMENT OF U.S. PATENT NO. RE 40,459)

19. SmartPhone incorporates paragraphs 1 through 8 herein by reference.

20. SmartPhone is the exclusive licensee of the '459 patent, entitled "METHOD AND APPARATUS FOR COMMUNICATING OVER LOW BANDWIDTH COMMUNICATIONS NETWORKS," with ownership of all substantial rights in the '459 patent. Among other rights, SmartPhone has the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, the exclusive right to settle any claims of infringement, and the exclusive right to grant sublicenses, including the exclusive right to exclude ZTE, the exclusive right to sue ZTE, the exclusive right to settle any claims with ZTE, and the exclusive right to grant a sublicense to ZTE. A true and correct copy of the '459 patent is attached as Exhibit C.

21. The '459 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

22. ZTE is directly and/or indirectly infringing (by inducing infringement) one or more claims of the '459 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 17, and 18, without the consent or authorization of SmartPhone, by or through making, using, offering for sale, selling and/or importing computerized communication devices, including, without limitation, the AT&T Radiant, AT&T Z998, Avail 2, Boost MAX, Boost Warp 4G, Grand S, Illustra, Majesty, nubia 5, Overture, Prelude, Savvy, Solar, Sonata 4G, Sprint Vital, Valet, Velox, Virgin Mobile Awe, Virgin Mobile Reef, Virgin Mobile Supreme, and Whirl (collectively, the "'459 Accused Devices"). ZTE and persons who acquire and use such devices, including ZTE's customers,

have, at a minimum, directly infringed the '459 patent, and ZTE is thereby liable for direct and/or indirect infringement of the '459 patent pursuant to 35 U.S.C. § 271.

23. ZTE has directly infringe the '459 patent by making, using, selling, offering for sale, and/or importing the '459 Accused Devices that practice the claimed methods. ZTE is thereby liable for direct infringement. Additionally, ZTE is liable for indirect infringement of the '459 patent because it induces the direct infringement of the patent by its customers and other end users who use the '459 Accused Devices that practice the claimed methods.

24. ZTE is, and has been, aware of the '459 patent at least as early as service of the Second Amended Complaint in the related case *SmartPhone Technologies LLC v. ZTE Corporation, et al.*, No. 6:12cv350, Dkt. No. 36. ZTE has pre-suit knowledge of the infringing nature of its activities and has nevertheless continued its infringing conduct.

25. On information and belief, despite having knowledge of the '459 patent, ZTE has specifically intended for persons who acquire and use such devices, including ZTE's customers, to acquire and use such devices in such a way that infringes the '459 patent, including at least claims 1, 17, and 18, and ZTE knew or should have known that its actions were inducing infringement. In particular, despite having knowledge of the '459 patent, ZTE has and continues to provide instructional materials (e.g., user guides) that specifically instruct its customers to use ZTE's computerized communication devices in an infringing manner. For example, the AT&T Z998 User Manual, available at www.zteusa.com, specifically instructs customers who use that device to open a search form in an application (e.g., the Google Play application), enter a search keyword, and view content, in a manner that performs each and every step of at least claims 1, 17, and 18. In providing such instructional

materials, ZTE intentionally encourages and specifically intends that its customers use ZTE devices to directly infringe the '459 patent, with knowledge that such induced acts constitute patent infringement.

26.    SmartPhone has been damaged as a result of ZTE's infringing conduct described in this Count.  ZTE is, thus, liable to SmartPhone in an amount that adequately compensates SmartPhone for ZTE's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV

(INFRINGEMENT OF U.S. PATENT NO. 6,976,217)

27.    SmartPhone incorporates paragraphs 1 through 8 herein by reference.

28.    SmartPhone is the exclusive licensee of the '217 patent, entitled "METHOD AND APPARATUS FOR INTEGRATING PHONE AND PDA USER INTERFACE IN A SINGLE PROCESSOR," with ownership of all substantial rights in the '217 patent. Among other rights, SmartPhone has the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, the exclusive right to settle any claims of infringement, and the exclusive right to grant sublicenses, including the exclusive right to exclude ZTE, the exclusive right to sue ZTE, the exclusive right to settle any claims with ZTE, and the exclusive right to grant a sublicense to ZTE.  A true and correct copy of the '217 patent is attached as Exhibit D.

29. The '217 patent has been subject to re-examination and a re-examination certificate has issued as U.S. Pat. No. 6,976,217 C1 ("'217 re-exam certificate"). A true and correct copy of the '217 re-exam certificate is attached as Exhibit E.

30. The '217 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

31. ZTE is directly infringing one or more claims of the '217 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 22, 23, 25 - 28, and 31, without the consent or authorization of SmartPhone, by or through making, using, offering for sale, selling and/or importing computerized communication devices, including, without limitation, the AT&T Radiant, AT&T Z998, Avail 2, Boost MAX, Boost Warp 4G, Grand S, Illustra, Majesty, nubia 5, Overture, Prelude, Savvy, Solar, Sonata 4G, Sprint Vital, Valet, Virgin Mobile Awe, Virgin Mobile Reef, Virgin Mobile Supreme, and Whirl. ZTE is thereby liable for direct infringement of the '217 patent pursuant to 35 U.S.C. § 271.

32. SmartPhone has been damaged as a result of ZTE's infringing conduct described in this Count. ZTE is, thus, liable to SmartPhone in an amount that adequately compensates SmartPhone for ZTE's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

SmartPhone hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

SmartPhone requests that the Court find in its favor and against ZTE, and that the Court grant SmartPhone the following relief:

a. Judgment that one or more claims of the '316, '275, '459, and/or '217 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others to whose infringements Defendants has contributed and/or by others whose infringements have been induced by Defendants;

b. Judgment that Defendants account for and pay to SmartPhone all damages to and costs incurred by SmartPhone because of Defendants' infringing activities and other conduct complained of herein;

c. Judgment that Defendants account for and pay to SmartPhone a reasonable, on-going, post judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d. That SmartPhone be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

e. That SmartPhone be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  February 27, 2014                                Respectfully submitted

*/s/ Edward R. Nelson, III by permission T. John Ward, Jr.*
Edward R. Nelson, III
LEAD ATTORNEY
enelson@nbclaw.net
Texas State Bar No. 00797142
Christie B. Lindsey
clindsey@nbclaw.net
Texas State Bar No. 24041918
S. Brannon Latimer
blatimer@nbclaw.net
Texas State Bar No. 24060137
Thomas C. Cecil
tcecil@nbclaw.net
Texas State Bar No. 24069489
NELSON BUMGARDNER CASTO, P.C.

3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone: (817) 377-9111
Fax: (817) 377-3485

Anthony G. Simon
asimon@simonlawpc.com
Michael P. Kella
mkella@simonlawpc.com
Benjamin R. Askew
baskew@simonlawpc.com
Timothy D. Krieger
tkrieger@simonlawpc.com
THE SIMON LAW FIRM, P.C.
800 Market Street, Suite 1700
St. Louis, MO 63101
Phone: (314) 241-2929
Fax: (314) 241-2029

T. John Ward, Jr.
jw@wsfirm.com
Texas State Bar No. 00794818
J. Wesley Hill
wh@wsfirm.com
Texas State Bar No. 24032294
Claire Abernathy Henry
claire@wsfirm.com
Texas State Bar No. 24053063
WARD & SMITH LAW FIRM
1127 Judson Road, Suite 220
Longview, Texas 75601
Phone: (903) 757-6400
Fax: (903) 757-2323

**Attorneys for Plaintiff
SmartPhone Technologies LLC**